UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALLAY BATCHELOR,

    Petitioner,

v.                                                                                      CASE NO. 19-CV-11557
                                          HONORABLE AVERN COHN

PAT WARREN,

    Respondent.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

I.

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Kallay Batchelor ("Petitioner"), was convicted of first-degree premeditated murder, M.C.L. § 750.316(1)(a), following a jury trial and was sentenced to life imprisonment. Before the Court is Petitioner's habeas petition in which he raises three claims concerning the impartiality of the jury, the use of blood/DNA evidence, and the effectiveness of trial counsel in failing to ask questions and only calling one witness. For the reasons that follow, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

II.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id.; Allen v. Perini, 424 F.2d 134,

141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be raised in the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

III.

Petitioner fails to meet his burden. He admits that he did not present his first two habeas claims to the state courts before seeking federal habeas relief. The Court's review of his habeas petition and the Michigan Court of Appeals' decision reveals that he did not raise the same factual basis for his third habeas claim before the state courts. Petitioner has therefore failed to exhaust all of his claims.

Petitioner has an available state court remedy to challenge his conviction which

must be exhausted before he seeks federal habeas review. He may file a motion for relief from judgment under M.C.R. 6.500 with the trial court and then pursue his claims through both of the state appellate courts as necessary.

While a Court has discretion to stay a petition while a petitioner exhausts their state court remedies, a stay in this case neither necessary nor appropriate. Petitioner does not request a stay nor assert that his circumstances justify a stay. Moreover, because all three of Petitioner's claims are unexhausted, a dismissal is appropriate. See Hines v. Romanowski, No.14-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted).

IV.

For the reasons stated above, the petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust. Moreover, because jurists of reason could not debate the correctness of the Court's procedural ruling, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).

SO ORDERED.

S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  6/27/2019
        Detroit, Michigan